IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES E. GRAHAM,  CV. 07-265 KI

        Plaintiff,  OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

KING, Judge:

**INTRODUCTION**

Plaintiff brings this action pursuant to the Social Security Act, 42 USC § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"), a period of disability, and Supplement Security Income ("SSI") disability benefits under Titles II

1 - OPINION AND ORDER

and XVI of the Social Security Act.  For the reasons set forth below, the decision of the Commissioner is affirmed.

## PROCEDURAL BACKGROUND

In April 2004, plaintiff protectively filed an application for DIB benefits and SSI benefits.  Plaintiff alleged disability since January 1, 2004, due to lower abdomen problems and knee deterioration.  His  application was denied initially and upon reconsideration.  On August 1, 2006, a hearing was held before an Administrative Law Judge ("ALJ").   In a decision dated September 13, 2006, the ALJ found plaintiff not disabled.  The Appeal's Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Plaintiff now seeks judicial review of the Commissioner's decision.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A).  The initial burden of proof rests upon the claimant to establish his or her disability.  *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert. denied*, 517 US 1122 (1996).  The Commissioner bears the burden of developing the record.  *DeLorme v. Sullivan*, 924 F2d 841, 849 (9th Cir 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 CFR §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir 1999):

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 CFR §§ 404.1520(b), 416.920(b).

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 CFR §§ 404.1520(c), 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations, 20 CFR Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or

equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four. 20 CFR §§ 404.1520(d), 416.920(d).

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five. 20 CFR §§ 404.1520(e), 416.920(e).

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 CFR §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant. *Tackett*, 180 F3d at 1098. At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id*

## ALJ's DECISION

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. This finding is not in dispute.

At step two, the ALJ found plaintiff had the medically determinable severe impairments of chronic liver disease and thrombocytopenia, a disorder in which there are a low number of platelet cells in the blood. This finding is not in dispute.

At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. This finding is not in dispute.

The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work that does not require him to climb ladders, ropes, or scaffolds; that requires no more than occasional climbing of ramps and stairs; that does not require stooping, kneeling, crouching, or crawling; that does not require moderate or greater exposure to cold or heat; and that does not require concentrated exposure to humidity, vibrations, heights, or moving machinery. This finding is in dispute.

At step four, the ALJ determined that plaintiff was not able to perform his past relevant work as a truck driver.

At step five, the ALJ found that, based on his residual functional capacity, plaintiff could perform work existing in significant numbers in the national economy, and therefore the ALJ found him not disabled within the meaning of the Act. This finding is in dispute.

## FACTUAL BACKGROUND

Plaintiff was born in 1963, and was 40 years old at the time of the alleged onset of disability. He completed the tenth grade. Tr. 75.[1]  Plaintiff has worked as a dump truck driver,

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed with the Commissioner's Answer.

laborer, pre-delivery inspector, deliverer, and tow truck driver. Tr. 71, 80-87, 420-21. He last worked in November 2003. Tr. 80.

The medical records in this case accurately set out plaintiff's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Plaintiff contends that the ALJ erred by: (1) finding him not fully credible at step four; (2) failing accurately to determine his RFC at step four; and (3) relying on an inadequate hypothetical question to the VE at step five.

I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F3d at 724. *See also Holohan v. Massinari,* 246 F3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific

to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F3d 1273, 1281 (9th Cir 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F3d at 1282.

The ALJ found plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms not entirely credible. Tr. 19. The ALJ noted that plaintiff had demonstrated "some disinterest in following prescribed medical treatment." Tr. 20. Interferon treatment was discontinued when plaintiff was unable to attend appointments as frequently as required. Tr. 361. The type of treatment sought for pain can be "powerful evidence regarding the extent to which [he] was in pain." *Burch v. Barnhart,* 400 F3d 676, 681 (9th Cir 2005).

The ALJ noted that plaintiff's credibility was compromised by plaintiff's report to his treating physician, Sally Marie, M.D., that he had been taken off interferon "for unclear reasons."

7 - OPINION AND ORDER

Tr. 318, 362-63. The ALJ may consider a claimant's reputation for truthfulness when determining credibility. *Thomas v. Barnhart,* 278 F3d 947, 959 (9th Cir 2002).

The ALJ noted that Christoph T. Woerlein, M.D., discharged plaintiff from his care for "lack of compliance and belligerence." Tr. 20, 327. The ALJ properly noted that the medical opinions did not support plaintiff's allegations of disabling pain and fatigue. The ALJ cited Dr. Woerlein's assertion of June 2005, that plaintiff was able to work sedentary and non-sedentary jobs, that plaintiff had no limitations in his mental or physical capacities, and that he was able to perform full time work. *Id.* The ALJ also noted that Dr. Marie characterized plaintiff's complaints as "whining." Tr. 20, 362.

The ALJ's determination is supported by other evidence in the record. Although the ALJ did not cite the opinion of Peter Verhey, M.D., Dr. Verhey examined plaintiff in July 2004. Tr. 249-53. Dr. Verhey noted complaints of left knee and low back pain, and concluded that plaintiff was able to stand or walk for six hours in an eight-hour workday, that plaintiff was able to sit for an unrestricted amount of time, that plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently. Tr. 252. Dr. Verhey opined that plaintiff would be precluded from work requiring a lot of knee bending, stooping, crouching, and climbing.

Plaintiff contends that the ALJ failed to credit his complaints of severe fatigue. Plaintiff testified that he suffers chronic fatigue and exhaustion four to five days a week during which he lies down seven to eight hours a day. Tr. 416. He testified that his back, knee, and hip hurt constantly. Tr. 415. He has pain in his abdomen that comes and goes, and stated that "I usually get a pretty good zap of it four or five times, six times a day." Tr. 414. The pain in his abdomen

lasts for about 30 minutes. When he gets one of the pains, he "[u]sually smoke[s] a joint." *Id.* This helps "[a] whole lot." *Ibid*

Plaintiff argues that his "physicians advised that [plaintiff's] splenomegaly condition was responsible for Plaintiff's continued symptomatology of fatigue," citing Tr. 305. That document is the intake assessment completed by Kenneth Ingram, P.A.C., on March 29, 2005, at the Oregon Health & Science University Hepatology Clinic in preparation to begin interferon treatment. Tr. 305-06. It states:

> Diagnoses:
> ...
> 1.4   Ongoing symptomatology of fatigue and left upper quadrant pain from splenomegaly.[2]

This sentence does not establish that plaintiff's fatigue symptoms were the result of his mild splenomegaly.

The record does reveal ongoing complaints of fatigue. However, plaintiff's treating physician, Dr. Marie, opined in June 2005, that

> It is difficult to say whether or not these diagnoses [hepatitis C and splenomegaly] produce any symptoms....The patient reports that he has fatigue all of the time. [Plaintiff] also reports that he has been dismissed from the possibility of treatment for his hepatitis C at OHSU, but I have been unable to confirm the validity of that statement....I am unable to determine whether or not [plaintiff] is capable of a full-time sedentary job.

Tr. 317. In addition, treating physician M. Andrew Monticelli, M.D., reported in July 2005 that plaintiff stated "He has occasional fatigue that can be quite severe, as well as back and knee pain.

---

[2] Enlargement of the spleen.

His symptoms have not changed recently." Tr. 342.  Dr. Monticelli did not quantify "occasional."

The ALJ's credibility determination is supported by substantial evidence.

II.  Residual Functional Capacity

    A.  Obesity

Plaintiff contends that the ALJ erred by omitting the combined effects of some of his conditions from his RFC assessment.  Plaintiff argues that the ALJ failed to consider the impact of his diagnosed obesity on his ability to work.  However, the ALJ did state that plaintiff was obese but that "this impairment has not been accompanied by findings and opinions that indicated restrictions in the performance of basic work activities...." Tr. 17.

Plaintiff cites SSR 02-01p, in which the SSA recognizes that obesity can cause physical limitations, but that "we will not make assumptions about the severity or functional effects of obesity combined with other impairments." SSR 02-01p at *6.  Plaintiff does not point to any evidence or opinion that his obesity caused any work-related limitations.  There was no evidence before the ALJ, and there is none in the record, which states that plaintiff's obesity limits his functioning.  The ALJ adequately considered plaintiff's obesity in his RFC assessment.

    B.  Non-severe Impairments

Plaintiff contends that the ALJ failed to consider the limitations arising from his nonsevere impairments.  He argues that the ALJ failed to consider limitations arising from splenomegaly, including fatigue and upper left quadrant pain.  These limitations are not supported by the record, as set out above.  Plaintiff argues that the ALJ failed to consider limitations arising from prior knee surgeries, bulges of the L2-3, L3-4, and L4-5 discs, and a liver

lesion. Plaintiff does not identify what, if any, limitation arises from the liver lesion. The ALJ specifically limited plaintiff's ability to stand and walk, his ability to lift and carry, and his ability to perform other activities such as climbing and crawling. Tr. 19. The ALJ's RFC assessment included allowance for the credible level of plaintiff's limitation due to pain and fatigue. The ALJ's RFC analysis is supported by substantial evidence.

III. Vocational Expert Testimony

Plaintiff contends that the ALJ relied on erroneous vocational testimony. He argues that the VE testimony contradicts information contained in the Dictionary of Occupational Titles ("DOT"). The VE testified that a person aged 43, with a tenth grade education and past relevant work as a dump truck driver and tow truck driver, with the limitations of standing or walking for two hours out of an eight-hour day, and sitting for six hours out of an eight-hour day, occasionally lifting ten pounds, frequently lifting less than ten pounds, and unable to climb ladders, ropes, or scaffolds, able to occasionally climb ramps and stairs, restricted from stooping, kneeling, crouching or crawling, unable to tolerate even moderate exposure to cold or heat, and prohibited from "concentrated exposure" to any humidity, vibration or hazards such as heights or moving machinery would be unable to return to his prior employment. Tr. 422. The VE concluded that such a person would be able to work as an optical goods worker, a table worker, and an inspector of small wood products.

Plaintiff contends that the optical goods worker position is not appropriate because, according to the DOT, it violates the prohibition against concentrated vibration and hazards, and includes moving machinery. However, according to the DOT code description of "environmental conditions" for this position, there is no vibration nor moving mechanical part.

11 - OPINION AND ORDER

US Dep't of Labor, *Dictionary of Occupational Titles,* (4th ed. 1991) *available at* WL DICOT 713.684-038.  The VE's testimony was consistent with the DOT and the ALJ was entitled to rely on the VE's opinion.  Accordingly, the ALJ's determinatino that jobs existed in significant numbers that plaintiff could perform despite his limitations was supported by substantial evidence.

## CONCLUSION

For these reasons, the court affirms the decision of the Commissioner and this case is dismissed.

IT IS SO ORDERED.

Dated this \_\_\_\_2nd\_\_\_\_ day of January, 2008.

        /s/ Garr M. King
        GARR M. KING
        United States District Judge

12 - OPINION AND ORDER